ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Creditors Holliday Development LLC,
HD Mayfair LLC, HD 3800 LLC, HD Third Street Investors,
and Palmisano 1993 Revocable Trust

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In re | Case No. 24-30447 HLB |
|---|---|
| Cannon Constructors North, Inc., | Chapter 7 |
| | **OPPOSITION OF PETITIONING CREDITORS TO MOTION OF CANNON CONSTRUCTORS NORTH, INC. TO VACATE THE ORDER FOR RELIEF UNDER BANKRUPTCY RULES 9023 OR 9024; OR, IN THE ALTERNATIVE FOR AN ORDER CONVERTING THIS CASE TO A CASE UNDER CHAPTER 11** |
| Debtor. | |
| | Date: August 15, 2024<br>Time: 10:00 a.m.<br>Location: Tele/Videoconference |

Petitioning Creditors Holliday Development LLC, HD Mayfair LLC, HD 3800 LLC, HD Third Street Investors, and Palmisano 1993 Revocable Trust (the "Petitioning Creditors") submit this opposition to Motion of Cannon Constructors North, Inc. To Vacate The Order For Relief Under Bankruptcy Rules 9023 Or 9024; Or, In The Alternative for An Order Converting This Case To A Case Under Chapter 11 (the "Motion").

## I. Introduction

The Motion filed by Cannon Constructors North, Inc. (the "Debtor") seeks relief on several grounds. It seeks relief from this Court's proper order entering the order for relief on the involuntary petition on the ground that the Court erred in entering the order because notwithstanding the deadline for responding set forth in the Summons To Debtor In Involuntary Case and the Bankruptcy Local Rules "BLR," the Debtor could add on three days to its response deadline pursuant to FRBP 9006(f). Petitioning Creditors assert FRBP 9006(f) does not apply to the service of summons. Next, the Debtor asserts that even if FRBP 9006(f) does not apply, there was excusable neglect on the part of counsel for the Debtor. The question of whether or not FRBP 9006(f) was applicable to extend the deadline for a response set forth in the summons, is a question of law. The case law is clear that a mistake of law is not excusable neglect. Finally, as an alternative to vacating the order for relief, the Debtor seeks to convert its case to a Chapter 11 without initially providing any notice the ninety (90) creditors that it identified on the list it filed pursuant to the order and without providing any evidence of its operations, assets, amount of debt, pending lawsuits, transfers made in the last two years and payments to insiders.

## II. Argument

### A. Entry of the Order for Relief Was Not Premature

The Debtor asserts that under FRCP 59(e), it can file a motion to alter or amend a judgment. The Motion admits that amending a judgment considered an extraordinary remedy (Motion pg. 5 line20). One of cases relied upon by the Debtor in the Motion, *Allstate Ins. Co. v. Herron,* 634 F.3d 1011 (9th Cir.2011) identifies four basic non-exclusive grounds to alter a judgment under FRCP 59(e):

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgement rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. Id at 1111

**1. There Are No Manifest Errors of Law or Fact Upon Which the Entry Of the Order For Relief Was Entered.**

There certainly are no errors relating to the factual basis upon which the order for relief was entered. There is no dispute over the mandate in the Summons which set forth the time for filing a response to the involuntary petition. There is no dispute that Debtor did not file a response within 21 days of the service of the summons and involuntary petition. Contrary to the assertions in the motion, there is no manifest error of law. FRBP 9006(f) does not apply. The time to respond is governed by FRBP 1011 and is set forth on the face of the Summons. FRBP 9006(f) applies to service under FRBP 7005. Service of a summons in an involuntary case just like a summons in an adversary proceeding is governed by FRBP 7004. The Debtor argues that FRBP 9006(f) applies because the rule does not indicate involuntary petitions and FRBP 1011(b) does not suggest that it is outside the ambit of FRBP 9006(f). The counter argument is that it is the service of the summons in the involuntary case that governs the response time, not the petition and FRBP 9006(f) also does not mention that service of summons in an adversary proceeding is outside of the scope of FRBP 9006(f). The Debtor also argues that FRBP 7012 does not apply in an involuntary summons and case, but FRCP 12 is specifically referred to FRBP 1011. So it seems it does apply.

The deadline to respond is set in the summons and it must be complied with. BLR 9016-1 which covers expanding the deadline to respond to the summons provides:

> (a) Requirements for Changing Time
> Except at provided in paragraph (b), approval of the Court is required to enlarge or to shorten time to perform any act or to file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or the Bankruptcy Local Rules.

The Debtor did not seek an enlargement of the time to respond and instead erroneously concluded that FRBR 9006(f) gave it an additional three days to respond since the summons and involuntary petition were served by mail as authorized in FRBP 7004.

**2.  There Is No Newly Discovered Or Previously Unavailable Evidence**

The facts upon which the entry of the order for relief are undisputed. There is no new evidence or evidence that was previously unavailable.

### 3. There Will Be No Manifest Injustice If the Order for Relief Is Not Vacated.

The problem in this case is one of the Debtor's making. There was an error of law on the part of the Debtor and its counsel. It is clear from the list of creditors filed by the Debtor that the Debtor has numerous creditors. The Debtor asserts in the Motion that it has the absolute right to convert its case to Chapter 11. The Debtor attempt to proceed in Chapter 11 under the auspice of the Bankruptcy Court and the Office of the United States Trustee. If appropriate, the Debtor could move to dismiss its case after notice to creditors.

### 4. There Is No Intervening Change in Law Applicable to the Issues Before the Court.

The are no changes to existing law that have any relevance or bearing on the issues before the court and so this factor also does not provide any guidance.

### B. There was No Excusable Neglect, Errors of Law Are Not Excusable Neglect

Petitioning Creditors agree that the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) set forth the factors to be considered in deciding if missing a deadline is excusable neglect. The Pioneer test is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the defendant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the plaintiff, and (4) whether the plaintiff acted in good faith." Id. at 395 The Supreme Court has emphasized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 392. Mistakes of law by an attorney do not constitute excusable neglect. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997); *Cordell v. Pacific Indem. Co., 335 F. App'x* 956, 960 (11th Cir. 2009). The failure to timely respond to the summons and involuntary petition was the result of a mistake of law. The Debtor erroneously believed that FRBP 9006(f) gave the Debtor three additional days beyond the time mandated on the face of the summons and as provided for in FRBP 1011. It is respectfully submitted that the foregoing legal error is not excusable neglect.

### C. There Is Insufficient Information Available to Determine Whether Conversion to Chapter 11 Is Appropriate And/Or Conversion Bank To Chapter 7 Is Warranted

As an alternative, the Debtor moves for conversion of its Chapter 7 case to case under Chapter 11. The Debtor contends that it is entitled to convert its case pursuant to 11 U.S.C. §706. The right to convert from Chapter 7 is not absolute. Courts may disallow conversion if a Debtor has engaged in fraudulent conduct or if conversion would be an abuse of process. Marrama v. Citizens Bank, 549 U.S. 365, 127 S.Ct.1105, 166 L.Ed. 2d 956 (2007). In *Daugherty v. Rivera (In re Daugherty)*, 896 F.3d 1255 (11th Cir. 2018), the Court of Appeal affirmed the bankruptcy courts decision to deny a debtors motion to convert their Chapter 7 case to a Chapter 11 case pursuant to 11 U.S.C.S. § 706(a) the Court held that cause existed to either dismiss the case or convert it back to a Chapter 7 under 11 U.S.C. § 1112(b)(4) based on substantial or continuing loss to or diminution of the estate, the absence of a reasonable likelihood of rehabilitation, failure to comply with an order of the court, failure to timely provide information or attend meetings reasonably requested by the United States trustee, the inability to effectuate substantial consummation of a confirmed plan, and the lack of good faith See *Daughtrey v. Rivera (In re Daughtrey)*, 896 F.3d 1255, 1258 (11th Cir. 2018). In the present case, the Debtor has identified at least ninety (90) creditors. Included in the creditors are insiders. The recently filed Schedules of the Debtor list total assets of $7,488,444.79. Of this amount $6,748,686.42 is attributable to an alleged Mechanic's Lien. There is no information in the schedules to inform the Court or the creditors whether the Mechanic's Lien has been perfected, the status of the project it relates to or any other useful information of the true value of the Mechanic's Lien. It is interesting to note that the Debtor does not appear to list any sort of asset related to Transitional Housing Project mentioned in the late filed Supplemental Declaration[1]. The Schedules also disclose debts of $16,022,858. There is $6,845,672.75 that appears to be owed to insiders. Even if the Mechanic's Lien claim as value, it appears that the Debtor is hopelessly insolvent by a large amount. It appears, given the magnitude of the debt, that the Debtor has not been paying its creditors (for a large portion of the listed creditors the debtor has not disclosed any

---

[1] The Supplemental Declaration was not filed and served along with the motion, and it should not be considered as part of the motion filed by the Debtor.

meaningful information about when the debts were incurred). It appears that the only project that the Debtor has is the project mentioned in the late filed Supplemental Declaration. The creditor list seems to indicate that a large number of the list creditors are probably subcontractors on the project. If that is the case, there are several issues that would arise in Chapter 11. One issue is how does the Debtor pay its pre-petition creditors without a confirmed Plan. The other issue would be whether the subcontractors are willing to continue to work on the project. The is a serious question about what purpose would be served by Chapter 11. There is also the risk that by attempting to operate in Chapter 11, the Debtor will run up substantial administrative expenses that will negatively impact the existing unsecured creditors of the Debtor.

The Statement of Financial Affairs discloses payments of approximately $1,491,639 were made by the Debtor between April 17, 2024 – June 10, 2024. These payments include at least $250,000 paid Larry Pace who is an insider of the Debtor. It also appears that many of the payments may be avoidable as preferential payments. The Debtor made a "deposit" of $650,000 to the IRS. There is no explanation of why this "deposit" was made by the Debtor.

The Petitioning Creditors concerns are heightened by the fact that the Mr. Pace has only recently asserted that there is nothing owing on the promissory notes that form the basis of the $5,457,650 owed to the Petitioning Creditors and that the notes were contingent on a sale of the business. The promissory notes have no such contingency. The Debtor transferred away at least $1,491,639 recently. Critically, in state court litigation between the parties, writs of attachment were sought by the Holliday entities and four applications for issuance of writs of attachment were granted. A bond was posted for one of applications and a writ was actually issued. and obtained against the Debtor. The Debtor's opposition to applications for the writs made no mention of the newly fabricated contingency. As this Court knows, to obtain a writ the court must find that there is likelihood of prevailing on the merits.

If the Court is inclined to grant the motion to convert, Petitioning Creditors request that the Chapter 7 Trustee remain in the case as Chapter 11 Trustee if she is willing to do so and if not then the appointment of a different Trustee to investigate the Debtor's financial situation and affairs and recommend whether there is a viable Chapter 11 case or not and to investigate the transfers to

insiders or transfers that may have been made to or for the benefit of insiders, as well as the validity in insider debt. Alternatively, the court can appoint an examiner pursuant to 11 U.S.C. § 1104(c).

### III. Conclusion

For the reasons stated herein, it is respectfully submitted that the court should deny the motions of the Debtor.

Dated: July 31, 2024    Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Eric A. Nyberg
(Bar No. 131105)
Attorneys for Creditors Holliday Development LLC, HD Mayfair LLC, HD 3800 LLC, HD Third Street Investors, and Palmisano 1993 Revocable Trust

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On July 31, 2024, I served the following documents:

**OPPOSITION OF PETITIONING CREDITORS TO MOTION OF CANNON CONSTRUCTORS NORTH, INC. TO VACATE THE ORDER FOR RELIEF UNDER BANKRUPTCY RULES 9023 OR 9024; OR, IN THE ALTERNATIVE FOR AN ORDER CONVERTING THIS CASE TO A CASE UNDER CHAPTER 11;**

**DECLARATION OF RICK HOLLIDAY IN SUPPORT OPPOSITION OF PETITIONING CREDITORS TO MOTION OF CANNON CONSTRUCTORS NORTH, INC. TO VACATE THE ORDER FOR RELIEF UNDER BANKRUPTCY RULES 9023 OR 9024; OR, IN THE ALTERNATIVE FOR AN ORDER CONVERTING THIS CASE TO A CASE UNDER CHAPTER 11; AND**

**DECLARATION OF PETER PALMISANO IN SUPPORT OF OPPOSITION OF PETITIONING CREDITORS TO MOTION OF CANNON CONSTRUCTORS NORTH, INC. TO VACATE THE ORDER FOR RELIEF UNDER BANKRUPTCY RULES 9023 OR 9024; OR, IN THE ALTERNATIVE FOR AN ORDER CONVERTING THIS CASE TO A CASE UNDER CHAPTER 11**

by placing copies of said documents in a sealed envelope and served in the manner described below addressed as follows:

| | |
|---|---|
| *Via-Electronic Service* | *Via-ECF* |
| Office of the U.S. Trustee/SF | JAMES R. FELTON |
| Phillip J. Burton Federal Building | JEREMY H. ROTHSTEIN |
| 450 Golden Gate Ave. 5th Fl., | G&B LAW, LLP |
| #05-0153 | 16000 Ventura Boulevard |
| San Francisco, CA 94102 | Encino, California 91436 |

*Via-Electronic Service*
Aron M. Oliner
Denis F. Shanagher
Duane Morris LLP
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of July, 2024 at Danville, California.

/s/ Gail A. Michael

Opposition to Motion to Vacate -9-
Case: 24-30447  Doc# 37  Filed: 07/31/24  Entered: 07/31/24 11:41:45  Page 9 of 9