ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Creditors Holliday Development LLC, HD Mayfair LLC,
HD 3800 LLC, HD Third Street Investors,

Byron Z. Moldo (Bar No. 1096252)
**Ervin Cohen and Jessup LLP**
9401 Wilshire Blvd. 12th Floor
Beverly Hills, CA 90212
Telephone: 310-273-6333
Email: bmoldo@ecjlaw.com

Attorneys for Creditor TWH-CS, L.P.

Aron M. Oliner (Bar No. 152373)
**Duane Morris LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Email: roliner@duanemorris.com

Attorneys for Creditor HD Reliant Mayfair, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Cannon Constructors North, Inc.,<br><br>Debtor. | Case No. 24-30447 HLB<br><br>Chapter 11<br><br>**MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 CASE**<br><br>Date: May 14, 2026<br>Time: 10:00 a.m.<br>Ctrm: 19 and/or via-zoom<br>U.S. Bankruptcy Court<br>450 Golden Gate Ave., 16th Fl.<br>San Francisco, CA 94102 |

Case: 24-30447   Doc# 203   Filed: 04/17/26   Entered: 04/17/26 11:12:03   Page 1 of 5

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.

1970 Broadway, Suite 600  Oakland, California 94612

Original Petitioning Creditors/Creditors Holliday Development LLC, HD Mayfair LLC, HD 3800 LLC, HD Third Street Investors, together with HD Reliant Mayfair LLC, and TWH-CS, L.P. (collectively referred to as "Moving Parties") hereby move the court for an order converting the Debtor's Chapter 11 case to a case under Chapter 7 pursuant to 11 U.S.C.§1112(b)(1).

## I. FACTUAL BACKGROUND

The Moving parties hold claims in the Chapter 11 case which have not been objected to that total $35,371,534. This case was commenced by the filing of an Involuntary Petition against the Debtor on June 13, 2024.  The Court entered an Order for Relief on July 9, 2024 [Dkt. No. 5]. Pursuant to a Stipulation to (I) Convert Case to a Case Under Chapter 11; and (II) Resolve Debtor Cannon Constructors North, Inc.'s Motion to Vacate the Order for Relief Under Bankruptcy Rules 9023 or 9024; or, in the Alternative, for an Order Converting this Case to a Case Under Chapter 11 [Dkt. No. 46] and an Order Approving said Stipulation [Dkt. No. 51], the case was converted to a Chapter 11 case on August 8, 2024.

The Debtor's Statement of Financial Affairs filed in the case on July 23, 2024 [Docket No. 32] disclosed payments of approximately $1,491,639 were made by the Debtor between April 17, 2024 through June 10, 2024.  These payments include a $250,000 direct payment to James Pace, the Debtor's responsible natural individual and an insider, $250,000 to Andrew Schwartz Living (via G&B Law Trust Account) which appeared to be a payment made for the benefit of James Pace, and a $650,000 deposit payment to the Internal Revenue Service ("IRS").  It would appear that all three (3) aforementioned payments are potentially avoidable transfers.  It also appears that the Debtor has done nothing to recover the possible avoidable transfers or investigate other possible claims that the Debtor has.

The statute of limitations for commencing avoidance actions under 11 U.S.C. Section 546 currently would be 2 years from the entry of order for relief which as stated above was July 9, 2024. Thus, the statute of limitations would be July 9, 2026.

The Debtor has completed its only remaining project and sold its equipment.

The Debtor has sought an obtained two extension of time to file its Plan. The Debtor did eventually timely file an incomplete Plan on the last deadline of March 31, 2026. The Plan that was

filed was not complete and lacked 4 of 5 of the required exhibits. The Exhibits were subsequently filed days after the Plan was filed.

The Plan that was filed appears on its face to unconfirmable. It attempts to improperly separate and classify groups of unsecured creditors to create an impair class that would likely accept the Plan. The Plan does not appear feasible because it does not appear that the required funds for payment of administrative claims on the effective date is available to the debtor. And tellingly, the Plan provides for a complete release of all claims the Debtor has against one of it is insiders, Larry Pace, including avoidance claims. The appears to have been no analysis of the $600,000 payment to the IRS notwithstanding the fact the Debtor hired an accounting firm to investigate this issue. There appears to be no analysis of the value or the any statute of limitations on claims against third parties. There is no indication of any investigation into possible claims against Cannon South.

The Debtor has not set a hearing on conditional approvable of the disclosure component of the combined document.

## II. ARGUMENT

### A. The Court Should Convert the Debtor's Case to Chapter 7 Case.

Section 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b)(1).

Under section 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11 case, the court must decide which of the several court actions will best serve the estate's creditors. It must: "(1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of the creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." In re Sullivan, 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014).

Although there exists a list of non-exhaustive factors a court may consider under section 1112(b)(4) of the Bankruptcy Code, a court should "consider other factors as they arise and use its equitable power to reach the appropriate result." In re Consolidated Pioneer Mortgage Entities, 248

Case: 24-30447   Doc# 203   Filed: 04/17/26   Entered: 04/17/26 11:12:03   Page 3 of 5

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600  Oakland, California 94612

B.R. 368, 375 (B.A.P. 9th Cir. 2000) (citing H.R. No. 95-595, 95th Cong., 1st Sess. 405-06 (1977)), aff'd, 264 F.3d 803 (9th Cir. 2001). "The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)." Id. at 614. In all other instances where "cause" is established, a debtor's only exception to conversion or dismissal would be if a bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

In the present case, there is ample cause to convert the case. The Debtor has lost money during the pendency of the case. The Debtor has incurred $1,655,449.56 in unpaid administrative claims. The Debtor has been unable to collect funds that it contends are owing for the completion of the project, provides no estimation of when that might occur and how much might come into the estate. The Debtor and its Responsible Natural Individual have not investigated or pursued avoidance claims or claims that may exist against third parties, the statute of limitations on probable avoidance claims will likely expire on July 9, 2026. On top of this, the Plan proposes to give Mr. Pace a full and complete release. The foregoing appears to be a possible breach of fiduciary duty.

Conversion of the case is necessary and is in the best interests of creditors as opposed to being in the best interest of Mr. Pace. Conversion of the case to Chapter 7 will ensure that there is neutral third party who will investigate and prosecute any warranted avoidance claims and other potential claims that might be held by the Debtor. Conversion now, as opposed to the delay of attempts to confirm a Plan will ensure that a Chapter 7 Trustee will have time to evaluate the avoidance claims and the validity of claims in the case, including the validity of the claims filed by Moving Parties. The Moving Parties reached out to counsel for the Debtor to see if the debtor would be willing to stipulate to conversion and counsel indicated that the Debtor would not stipulate conversion of the case.

It appears that cause also exists to convert the case due to the Debtor's dwindling assets. The Debtor's first Monthly Operating Report filed for the period ending August 31, 2024, showed a beginning cash balance of $347,946 [Dkt. No. 85]. The Debtor's most recent Monthly Operating Report for the period ending February 28, 2025, shows an ending cash balance of $34,236. Said report also shows post-petition debt of $726,535 [Dkt. No. 194].

Case: 24-30447   Doc# 203   Filed: 04/17/26   Entered: 04/17/26 11:12:03   Page 4 of 5

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600  Oakland, California 94612

As noted above, the Moving Parties hold claims totalling $35,371,534. These claims represent the bulk of the debt in the case, and the holders of these claims believe it is their best interests and that of the remaining creditors for the case to be converted to Chapter 7 and remove the proverbial "fox from guarding the henhouse." This case needs an independent third party.

Cause also appears to exist by reason of the Debtor's inability to file a confirmable plan after having been in Chapter 11 for almost two years. That ground in of itself provides the basis to convert the case to Chapter 7.

### III.    CONCLUSION

For reasons set forth above, Moving Parties assert that cause exists to convert the case to a Chapter 7.

Dated: April 17, 2026                                   Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By:/s/ Eric A. Nyberg
    (Bar No. 131105)
    Attorneys for Creditors Holliday Development LLC, HD Mayfair LLC, HD 3800 LLC, and HD Third Street Investors

Dated: April 17, 2026                                   Ervin Cohen and Jessup LLP

By: /s/ Byron Z. Moldo
    (Bar No. 1096252)
    Attorneys for Creditor TWH-CS, L.P.

Dated: April 17, 2026                                   Duane Morris LLP

By: /s/ Aron M. Oliner
    (Bar No. 152373)
    Attorneys for Creditor HD Reliant Mayfair, LLC

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C. 1970 Broadway, Suite 600 Oakland, California 94612